400 Manhattan Avenue Corporation, Landlord, *v.*
William Danziger, Tenant.

(Municipal Court of the City of New York, Borough of Man-
hattan, Seventh District, December, 1920.)

Pleading — when defense stricken out — summary proceeding —
lease.

> In a summary proceeding to dispossess a tenant for non-
> payment of rent of a dwelling apartment in the city of New
> York, he must, at the time of filing an answer pleading that
> the rent is unreasonable, deposit one month's rent as reserved
> in the lease, and for failure so to do, the defense, on motion
> of the landlord, will be stricken out.

Summary proceedings.

Jacob I. Berman, for motion.

Oscar Englander, opposed.

Crane, J. This is a summary proceeding to recover
possession of an apartment used for dwelling pur-
poses in the city of New York after default in the pay-
ment of rent. The tenant sets up the defense that
the rent is unjust, unreasonable and oppressive, which
defense was created by chapter 136 of the Laws of
1920, as amended by chapter 944, Laws of 1920, and
expressly authorized in a summary proceeding based
upon a default in the payment of rent by chapter 945,
Laws of 1920. The landlord moves to strike out the
defense that the rent is unreasonable upon the ground
that the tenant did not deposit one month's rent at
the time the defense of unreasonable rent was inter-
posed. The tenant contends that as a deposit is not
expressly required by chapter 945 of the Laws of 1920
no deposit need be made in a summary proceeding,
although he concedes that such deposit must be made

Municipal Court of New York, December, 1920.  [Vol. 114.

as a condition precedent to setting up the defense in an action.

At the outset it is to be observed that chapter 945 does not create the defense. It was created by chapter 136 of the Laws of 1920. Chapter 945 merely gives express permission to a tenant to set up the defense so created in a summary proceeding, and further provides that when the defense is so interposed a bill of particulars must be filed by the landlord, something not otherwise required in a summary proceeding; but the incidents of the defense, as well as its character, are prescribed by chapter 136, as amended and continued by chapter 944; and all matters of procedure and all presumptions are applicable whether the proceeding be an action for rent or a summary proceeding based on the non-payment of rent. This would be so on well known general principles, for both statutes were passed by the legislature in a common scheme to remedy the same evil and must be read *in pari materia*. *People ex rel. Onondaga County Savings Bank* v. *Butler,* 147 N. Y. 164, 168, 169; *People ex rel. Jackson* v. *Potter,* 42 How. Pr. 260, 261, 262, 270; affd., 47 N. Y. 375; *Smith* v. *People,* Id. 330, 339.

But we are not compelled to rely on this principle of construction of statutes for a decision of this motion. Section 2244 of the Code of Civil Procedure, providing for an answer in a summary proceeding, reads in part: '' Such defense or counterclaim may be set up and established [in a summary proceeding] in like manner as though the claim for rent in such proceeding was the subject of an action.'' Here is an express declaration that this defense of unreasonableness '' may be *set up* \* \* \* in like manner '' as in an action for rent. Therefore as the deposit is required in setting up the defense in an action for rent, by the provisions of this section it is required in setting up

the same defense in a summary proceeding.   There is nothing unreasonable in such a construction.   The Legislature has lengthened the time of the return of a precept so that it shall be returnable in not less than five nor more than ten days.   Laws of 1920, chap. 952. A summons in the Municipal Court must be answered in five days.   A jury trial may be demanded in a summary proceeding just as in an action, and the delay incident to the congested conditions in this court is likely to be as great in one case as in the other.   Each proceeding terminates in a warrant for the recovery of possession from the occupant.   It is entirely consonant with justice to require the same security for the rent in one case as in the other.

The motion to strike out the defense will, therefore, be granted unless within five days after the service of the order to be entered hereon the tenant deposits with the clerk of this court the rent reserved in the agreement under which he obtained possession of the premises.

Ordered accordingly.